## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

COLUMBIA VEHICLE GROUP, INC,

     Plaintiff,

v.

ICON EV LLC,

     Defendant.

Case No. _____

PERMANENT INJUNCTIVE
AND DECLARATORY RELIEF
REQUESTED

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Columbia Vehicle Group, Inc. ("Columbia" or "Plaintiff") brings this action for patent infringement under 35 U.S.C. § 271 against Icon EV LLC ("Icon" or "Defendant"), and alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. This is a civil action for patent infringement arising under 35 U.S.C. §§ 101 *et seq.*, in which Plaintiff makes the following allegations against Defendant.

2. Icon has directly infringed and continues to directly infringe and has actively induced and continues to actively induce others to infringe the following Columbia patents: U.S. Patent No. 12,391,175 (the "'175 Patent"), U.S. Patent No. 12,311,836 (the "'836 Patent"), and U.S. Patent No. D1,088,957 (the "D'957 Patent") (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the Patents Laws of the United States. This Court has subject matter jurisdiction over the matters asserted in this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Icon because, among other reasons and upon information and belief, Icon has committed acts of patent infringement in this District, including at least through providing, advertising, promoting, offering to sell, and selling its infringing Epic E20FX, E40FX, and E60FX Golf Carts (the "Accused Products"), including through authorized sellers in this District. Upon information and belief, Icon is incorporated in the State of Florida. Icon has substantial and continuous contacts, has purposefully availed itself of the privilege of doing business in the State of Florida, and/or it has purposefully directed its infringing activities at the State of Florida.

5.      Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Icon has an established place of business in this District and/or is incorporated in the State of Florida.

## THE PARTIES

6.      Plaintiff Columbia Vehicle Group, Inc. is a Wisconsin corporation with its principal place of business at 1115 Commercial Ave, Reedsburg, Wisconsin 53959.

7.      Plaintiff is the owner of all right, title, and interest in and to the Asserted Patents. True and correct copies of the '175 Patent, '836 Patent, and D'957 Patent are attached as **Exhibits 1-3**.

8.      On information and belief, Defendant Icon EV LLC is a Florida limited liability company with its principal place of business at 4406 Madison Industrial Lane, Tampa, Florida 33619.

9.      On information and belief, Defendant Icon EV LLC is wholly owned by Icon EV Buyer, Inc. Upon information and belief, Icon EV Buyer, Inc. is a Delaware corporation with its principle place of business in Tampa, Florida.

10.     Icon makes, uses, offers for sale, sells, and/or imports into the United States Epic-branded golf carts, including at least the Epic E20FX, E40FX, and E60FX models accused of infringement in this action.

11.     Icon is not licensed under the Asserted Patents and lacks authorization to practice the inventions and designs claimed therein.

## FACTS AND BACKGROUND

### A.     Columbia's Patents

12.     Columbia is a leading manufacturer of electric vehicles. Columbia manufactures vehicles built for work in industrial and commercial environments and engineer solutions that enhance productivity, comfort, and utility. Columbia's

vehicles optimize performance in transporting, carrying, and towing—all with zero emissions.

13.    Columbia designs, manufactures, and sells a variety of electric vehicles under its Tomberlin brand, including several golf cart models. For instance, the Tomberlin Engage line of golf carts practice various claims of the Asserted Patents.

14.    Columbia's Tomberlin brand is at the heart of innovating street-legal golf carts, elevating them into luxurious, high-performance vehicles designed for more than a typical golf cart. For example, the Engage line of golf carts redefines what it means to travel in comfort and style. The Engage line, along with others, showcases Columbia's commitment to safety, performance, and aesthetics, giving customers a unique driving and riding experience.

15.    A non-limiting representative example of one of Columbia's Tomberlin line of Engage golf carts is shown below:



16.    Columbia has invested substantial resources to research, develop, and protect its illuminated rocker-panel systems for golf carts, obtaining the Asserted Patents that cover, among other things, rocker panels with panel apertures and multi-segment light pipes, lighting sequences and switch-based control methods, and an ornamental rocker-panel appearance featuring light segments along a lateral axis.

17.    Columbia protects its valuable intellectual property by obtaining and enforcing its various patent rights.

18.    The '175 Patent was duly and legally issued by the United States Patent and Trademark Office on August 19, 2025.

19.    The '836 Patent was duly and legally issued by the United States Patent and Trademark Office on May 27, 2025.

20.    The D'957 Patent was duly and legally issued by the United States Patent and Trademark Office on August 19, 2025.

21.    Columbia is the owner of all rights, title, and interest in the Asserted Patents.

22.    The Asserted Patents are in full force and effect as of the date of this Complaint and all times relevant to the allegations herein.

**B.    Icon's Infringement**

23.    Icon makes, uses, imports, offers for sale, and sells Epic-branded golf carts, including at least the Epic E20FX, E40FX, and E60FX Golf Carts, which implement illuminated rocker-panel systems that infringe Columbia's Asserted Patents.

24.    A non-limiting representative example of an Accused Product, Model E40FX, is shown here:



25.     On information and belief, the representative Accused Product Model E40FX is substantially the same as the other Accused Products for purposes of infringement.

26.     Publicly available materials, including demonstration videos, confirm that the Accused Products incorporate rocker-panel light pipes and lighting sequences that practice the claimed structures and methods of the Asserted Patents.

27.     Specifically, Columbia's claim charts show that the E40FX and E60FX models infringe at least claims 1, 9, and 14 of the '175 Patent; claims 1 and 10 of the '836 Patent; and the design claim of the D'957 Patent; and that the E20FX model infringes at least claims 9 and 14 of the '175 Patent; claims 1 and 10 of the '836

Patent; and the design claim of the D'957 Patent. The claim charts are attached as **Exhibits 4-12.**

28.    Icon has had notice of the Asserted Patents and that the Accused Products infringe the Asserted Patents at least as of the filing of this Complaint.

29.    On information and belief, Icon is willfully infringing Columbia's patent and knowingly seeking to trade off the success of Columbia's invention without its authorization.

30.    On information and belief, Icon imports the Accused Products into the United States from Marshell, which manufactures the Accused Products in China and sells to, offers to sell to, and imports them into the United States for Icon for use, distribution, advertising, and sale in the United States.

## COUNT I
### (Infringement of the '175 Patent)

31.    Columbia re-alleges and incorporates by reference each of the allegations of the preceding paragraphs as if fully set forth herein.

32.    Columbia is the exclusive owner and assignee of all rights, title, and interest in and to the '175 Patent, titled "Systems and methods for a lighting assembly for a golf cart," duly and legally issued by the United States Patent and Trademark Office on August 19, 2025, including the right to bring this suit for injunctive relief and damages. A true and correct copy of the '175 Patent is attached hereto as **Exhibit 1**.

33.    The '175 patent is valid and enforceable.

34.    Icon has directly infringed and is currently directly infringing, whether literally or under the doctrine of equivalents, the '175 Patent by making, using, offering for sale, selling, and/or importing golf carts, including without limitation the Epic E20FX, E40FX, and E60FX Golf Carts, that practice one or more claims of the '175 Patent, including, but not limited to, claims 1, 9, and 14.

35.    The Accused Products satisfy all claim limitations of one or more of the '175 Patent. Claim charts comparing claims 1, 9, and 14 of the '175 Patent to the Accused Products are attached as **Exhibit 4-6.** This showing of infringement is based on publicly available information, and Columbia reserves the right to identify additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

36.    As of no later than the filing and service of this Complaint, Icon is also indirectly infringing the '175 Patent.

37.    Icon induces others to infringe the '175 Patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to practice the '175 Patent's inventions with the intent that those performing the acts infringe the '175 patent. For example, on information and belief, Icon encourages authorized dealers to use, sell, and/or offer for sale the Accused Products and encourages manufacturers to make, sell, offer for sale, and/or import into the United States the Accused Products.

9

38.     Icon also contributes to the infringement of the '175 Patent in violation of 35 U.S.C. § 271.  For example, on information and belief, Icon knows that the infringing components of golf carts it provides in connection with the infringing activities are especially made or especially adapted for use in the infringement of the '175 Patent. The infringing components are not staple articles or commodities of commerce suitable for substantial non-infringing use, and the infringing components are a material part of the invention of the '175 Patent.  The components Icon provides to others in connection with the infringing activities contain infringing components such as parts for the rocker panel and/or rocker panel lighting system, which are separable from the golf carts, material to practicing the '175 Patent's inventions, and have no substantial non-infringing use.  Accordingly, Icon is also contributing to the direct infringement of the '175 patent by its manufacturer and/or others.

39.     Icon is not licensed or otherwise authorized by Columbia to practice and/or induce others to infringe the claims of the '175 Patent.

40.     Icon has had actual knowledge of the '175 Patent and that the Accused Products infringe the '175 Patent since at least the filing of this Complaint.

41.     Icon has profited from its sales of the Accused Products and its infringement of the '175 Patent.

42.    Icon's use and sale of the Accused Products since at least after the filing of this Complaint constitutes willful infringement entitling Columbia to treble damages under 35 U.S.C. § 284.

43.    As a direct and proximate cause of Icon's infringing activities, Columbia has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial. Columbia is entitled to a money judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Icon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Icon, together with interest and costs as fixed by the Court.

44.    Icon's continuing acts of infringement have caused and will continue to cause Columbia irreparable harm, for which Columbia has no adequate remedy at law, unless Icon's continuing acts of infringement are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Columbia should an injunction not issue. The public interest would be served by issuance of an injunction.

45.    Icon's infringement of the '175 Patent is exceptional and entitles Columbia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II
### (Infringement of the '836 Patent)

46.     Columbia re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

47.     Columbia is the exclusive owner and assignee of all rights, title, and interest in and to the '836 Patent, titled "Systems and methods for a lighting assembly for a golf cart," duly and legally issued by the United States Patent and Trademark Office on May 27, 2025, including the right to bring this suit for injunctive relief and damages. A true and correct copy of the '836 Patent is attached hereto as **Exhibit 2**.

48.     The '836 patent is valid and enforceable.

49.     Icon has directly infringed and is currently directly infringing, whether literally or under the doctrine of equivalents, the '836 Patent by making, using, offering for sale, selling, and/or importing golf carts, including without limitation the Epic E20FX, E40FX, and E60FX Golf Carts, that practice one or more claims of the '836 Patent, including, but not limited to, claims 1 and 10.

50.     The Accused Products satisfy all claim limitations of one or more of the '836 Patent. Claim charts comparing claims 1 and 10 of the '836 Patent to the Accused Products are attached as **Exhibit 7-9.** This showing of infringement is based on publicly available information, and Columbia reserves the right to identify

additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

51.    As of no later than the filing and service of this Complaint, Icon is also indirectly infringing the '836 Patent.

52.    Icon induces others to infringe the '836 Patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to practice the '836 Patent's inventions with the intent that those performing the acts infringe the '836 Patent. For example, on information and belief, Icon encourages authorized dealers to use, sell, and/or offer for sale the Accused Products and encourages manufacturers to make, sell, offer for sale, and/or import into the United States the Accused Products.

53.    Icon also contributes to the infringement of the '836 Patent in violation of 35 U.S.C. § 271.  For example, on information and belief, Icon knows that the infringing components of golf carts it provides in connection with the infringing activities are especially made or especially adapted for use in the infringement of the '836 Patent. The infringing components are not staple articles or commodities of commerce suitable for substantial non-infringing use, and the infringing components are a material part of the invention of the '836 Patent.  The components Icon provides to others in connection with the infringing activities contain infringing components such as parts for the rocker panel and/or rocker panel lighting system, which are separable from the golf carts, material to practicing the '836 Patent's inventions, and

have no substantial non-infringing use.  Accordingly, Icon is also contributing to the direct infringement of the '836 patent by its manufacturer and/or others.

54.    Icon is not licensed or otherwise authorized by Columbia to practice and/or induce others to infringe the claims of the '836 Patent.

55.    Icon has had actual knowledge of the '836 Patent and that the Accused Products infringe the '836 Patent since at least the filing of this Complaint.

56.    Icon has profited from its sales of the Accused Products and its infringement of the '836 Patent.

57.    Icon's use and sale of the Accused Products since at least after the filing of this Complaint constitutes willful infringement entitling Columbia to treble damages under 35 U.S.C. § 284.

58.    As a direct and proximate cause of Icon's infringing activities, Columbia has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial. Columbia is entitled to a money judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Icon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Icon, together with interest and costs as fixed by the Court.

59.    Icon's continuing acts of infringement have caused and will continue to cause Columbia irreparable harm, for which Columbia has no adequate remedy at law, unless Icon's continuing acts of infringement are enjoined by the Court under

35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Columbia should an injunction not issue. The public interest would be served by issuance of an injunction.

60.    Icon's infringement of the '836 Patent is exceptional and entitles Columbia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

<u>COUNT III</u>
**(Infringement of the D'957 Patent)**

61.    Columbia re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

62.    Columbia is the exclusive owner and assignee of all rights, title, and interest in and to the D'957 Patent, titled "Golf cart with an illuminated rocker panel," duly and legally issued by the United States Patent and Trademark Office on August 19, 2025, including the right to bring this suit for injunctive relief and damages. A true and correct copy of the D'957 Patent is attached hereto as **Exhibit 3**.

63.    The D'957 patent is valid and enforceable.

64.    Icon has directly infringed and is currently directly infringing, whether literally or under the doctrine of equivalents, the D'957 Patent by making, using, offering for sale, selling, and/or importing golf carts, including without limitation

the Epic E20FX, E40FX, and E60FX Golf Carts, that practice the design claimed by the D'957 Patent.

65.    In design patents, solid lines are used to show the claimed portions of the design, while broken or dashed lines show purely environmental matter or portions that form no part of the claim. To determine infringement of a design patent, it is only necessary to consider the solid lines in the patent's claims.

66.    The Accused Products satisfy the design claim of the D'957 Patent because they have adopted every aspect of the claimed design and have overall appearance that is substantially the same in the eyes of the ordinary observer. Claim charts comparing the claim of the D'957 Patent to the Accused Products are attached as **Exhibits 10-12**.

67.    As shown in **Exhibits 10-12**, the solid lines of the D'957 Patent define light pipe designs along a lateral axis. The claimed design is found along the rocker panel of golf cart. As shown in representative examples in **Exhibits 10-12**, the Accused Products include the aforementioned claimed ornamental design features of the D'957 Patent, resulting in an overall appearance that is substantially the same in the eyes of the ordinary observer. To the extent there are any minor, isolated differences between the claimed design and Icon's design, those differences do not change the substantially similar overall ornamental appearances. Any differences between the claimed design in the D'957 Patent and the Accused Products are minor

and do not detract from the similarity in the overall ornamental appearances. The prior art further highlights the similarity between the claimed design and the Accused Products.

68.    As of no later than the filing and service of this Complaint, Icon is also indirectly infringing the D'957 Patent.

69.    Icon induces others to infringe the D'957 Patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to practice the D'957 Patent's inventions with the intent that those performing the acts infringe the D'957 Patent. For example, on information and belief, Icon encourages authorized dealers to use, sell, and/or offer for sale the Accused Products and encourages manufacturers to make, sell, offer for sale, and/or import into the United States the Accused Products.

70.    Icon also contributes to the infringement of the D'957 Patent in violation of 35 U.S.C. § 271.  For example, on information and belief, Icon knows that the infringing components of golf carts it provides in connection with the infringing activities are especially made or especially adapted for use in the infringement of the D'957 Patent. The infringing components are not staple articles or commodities of commerce suitable for substantial non-infringing use, and the infringing components are a material part of the invention of the D'957 Patent.  The components Icon provides to others in connection with the infringing activities contain infringing components such as parts for the rocker panel and/or rocker panel

lighting system, which are separable from the golf carts, material to practicing the D'957 Patent's inventions, and have no substantial non-infringing use. Accordingly, Icon is also contributing to the direct infringement of the D'957 patent by its manufacturer and/or others.

71.    Icon is not licensed or otherwise authorized by Columbia to practice and/or induce others to infringe the claim of the D'957 Patent.

72.    Icon has had actual knowledge of the D'957 Patent and that the Accused Products infringe the D'957 Patent since at least the filing of this Complaint.

73.    Icon has profited from its sales of the Accused Products and its infringement of the D'957 Patent.

74.    Icon's use and sale of the Accused Products since at least after the filing of this Complaint constitutes willful infringement entitling Columbia to treble damages under 35 U.S.C. § 284.

75.    As a direct and proximate cause of Icon's infringing activities, Columbia has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial. Columbia is entitled to a money judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Icon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Icon, together with interest and costs as fixed by the Court.

76.    Icon's continuing acts of infringement have caused and will continue to cause Columbia irreparable harm, for which Columbia has no adequate remedy at law, unless Icon's continuing acts of infringement are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Columbia should an injunction not issue. The public interest would be served by issuance of an injunction.

77.    Icon's infringement of the D'957 Patent is exceptional and entitles Columbia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

78.    Columbia hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Columbia respectfully requests that the Court enter judgment in its favor and against Icon on the patent infringement claims set forth above and respectfully requests that this Court:

A.    Enter judgment that Icon has infringed one or more claims of each and every one of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents, and that such infringement has been and is willful;

B.    Permanently enjoin Icon, and all those acting on behalf of or in active concert or participation with it, from infringing each of the Asserted Patents,

including enjoining them from making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any and all of the Accused Products;

C.      Award Columbia all available and legally permissible damages and relief adequate to compensate Columbia for Icon's infringement of the Asserted Patents, including to the full extent permitted by 35 U.S.C. § 284, including an enhancement of damages, together with pre- and post-judgment interest, in an amount to be determined at trial;

D.      Award Columbia supplemental damages or profits for any prejudgment interest and post-judgement interest, continuing post-verdict infringement up until entry of the final judgment, with an accounting as needed;

E.      Award Columbia the total profit made by Icon from its infringement of the Asserted Patents pursuant to 35 U.S.C. § 289;

F.      Award Columbia treble damages under 35 U.S.C. § 284 as a result of Icon's willful infringement;

G.      Declare this to be an exceptional case under 35 U.S.C. § 285 and award Columbia its reasonable attorneys' fees, costs, and expenses incurred in connection with this action;

H.      Award Columbia its costs and expenses incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 285, 35 U.S.C. § 284, Rule 54(d) of

the Federal Rules of Civil Procedure, and all other applicable statutes and rules in common law as may apply; and

     I.     Award Columbia such other relief as the Court may deem just and proper.

     Dated the <u>12th</u> day of January, 2026.

*/s/ Kelli A. Edson*
Kelli A. Edson (Bar No. 179078)
QUARLES & BRADY LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Tel.: (813) 387-0300
kelli.edson@quarles.com
chelsea.santiago@quarles.com
rebecca.wilt@quarles.com
DocketFL@quarles.com

Matthew J. Duchemin (*pro hac vice forthcoming*)
QUARLES & BRADY LLP
33 East Main St., Suite 900
Madison, WI 53703
Tel.: (608) 251-5000
matthew.duchemin@quarles.com

Dawn M. David (*pro hac vice forthcoming*)
QUARLES & BRADY LLP
411 E Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
Tel.: (414) 277-5000
dawn.david@quarles.com

*Attorneys for Plaintiff Columbia Vehicle Group, Inc.*
